[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11987
Non-Argument Calendar
_____

Docket No. 1:13-cv-02128-WSD

PIEDMONT OFFICE REALTY TRUST, INC.,
f.k.a. Wells Real Estate Investment Trust, Inc.,

Plaintiff-Appellant,

versus

XL SPECIALITY INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 23, 2015)

Before TJOFLAT, JORDAN, and EDMONDSON, Circuit Judges.

PER CURIAM:

This case involves a Georgia insurance policy. Having concluded that the appeal raises a question of Georgia law that is both determinative of the case and about which this Court had substantial doubt, we certified three questions to the Supreme Court of Georgia:

(1) Under the facts of this case, and in the light of the Final Judgment and Order -- in the Underlying Suit -- approving of and authorizing and directing the implementation of the terms of the settlement agreement, is Piedmont "legally obligated to pay" the $4.9 million settlement amount, for purposes of qualifying for insurance coverage under the Excess Policy?

(2) In a case like this one, when an insurance contract contains a "consent-to-settle" clause that provides expressly that the insurer's consent "shall not be unreasonably withheld," can a court determine, as a matter of law, that an insured who seeks (but fails) to obtain the insurer's consent before settling is flatly barred -- whether consent was withheld reasonably or not -- from bringing suit for breach of contract or for bad-faith failure to settle? Or must the issue of whether the insurer withheld unreasonably its consent be resolved first?

2

(3)  In this case, under Georgia law, was Piedmont's complaint dismissed properly?

Piedmont Office Realty Trust, Inc. v. XL Specialty Ins. Co., 769 F.3d 1291, 1295 (11th Cir. 2014).[*]

Relying on its decision in Trinity Outdoor, LLC v. Cent. Mut. Ins. Co., 679 S.E.2d 10 (Ga. 2009), and on the "unambiguous" terms of the insurance policy at issue in this case, the Supreme Court of Georgia instructed us that, under Georgia's law, "Piedmont is precluded from pursuing this action against XL because XL did not consent to the settlement and Piedmont failed to fulfill the contractually agreed upon condition precedent."  Piedmont Office Realty Trust, Inc. v. XL Specialty Ins. Co., No. S15Q0418, slip op. at 6-7 (Ga. Apr. 20, 2015).  As a result, the Supreme Court of Georgia determined per Georgia law that "the district court did not err in dismissing Piedmont's complaint."  Id. at 10.

We are grateful for the help.  Based on this definite response to our certified questions, we affirm the district court's dismissal of Piedmont's complaint.

AFFIRMED.

---

[*] The facts for this appeal are set out in our initial opinion.  See Piedmont Office Realty Trust, Inc., 769 F.3d at 1292-93.

3